IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RYAN DEDELOW,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF HEBER, WASATCH COUNTY,<br>AND JOHN DOES 1—2,<br><br>Defendants. | MEMORANDUM DECISION AND<br>ORDER GRANTING<br>DEFENDANTS' MOTIONS TO<br>DISMISS<br><br><br><br>Case No. 2:13-CV-00584 TS<br>District Judge Ted Stewart |

This matter is before the Court on Motions to Dismiss filed by Defendants City of Heber and Wasatch County. For the reasons discussed below, the Court will grant Defendants' Motions.

## I.  BACKGROUND

The following facts are taken from Plaintiff's Complaint and are accepted as true for the purposes of this Motion.

Plaintiff Ryan Dedelow ("Mr. Dedelow") was cited for speeding in Heber City (the "City") on April 25, 2004. His citation was additionally filed in Wasatch County (the "County"). Though Mr. Dedelow paid the citation to the City within the allotted time, the City failed to notify the County that the citation had been resolved. This resulted in an active arrest warrant for Mr. Dedelow.

Mr. Dedelow was stopped for a minor traffic violation where a warrant check revealed an active, eight-year-old arrest warrant.  He was subsequently arrested and booked into jail.  His pregnant wife was left at the side of the highway in Sardine Canyon and required to find her own way home.  Mr. Dedelow alleges that he suffered embarrassment and humiliation as a result of being arrested, booked into jail, and having his new wife's family bail him out and pick him up from jail.

Mr. Dedelow was required to post bond to secure his release from jail and was required to hire an attorney.  Mr. Dedelow was required to appear before the County court to have the arrest warrant dismissed, which resulted in Mr. Dedelow missing work and school.  At the hearing, the court informed him that the warrant was valid and that it resulted from a mistake by the City and not the County.

Mr. Dedelow brings this action under 42 U.S.C. § 1983 claiming the City "failed to notify Wasatch County that the citation had been appropriately resolved."[1]  He also claims the County "failed to inquire into whether the citation had been resolved, keeping an arrest warrant active for eight years."[2]  Therefore, Plaintiff alleges that the City and County Defendants "negligently failed to ensure their employees followed proper administrative procedures."[3]

Mr. Dedelow brought suit on June 27, 2013.  The City and County now move for dismissal of Plaintiff's claims.

---

[1] Docket No. 2, ¶13.

[2] *Id.* ¶14

[3] *Id.* ¶30.

## II.  STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[4]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[5] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[6]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[7]  A facially plausible claim must "ask for more than a sheer possibility that a defendant has acted unlawfully."[8]

Mr. Dedelow asserts that a Rule 12(b)(6) motion should be granted "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief."[9]  However, the Supreme Court has since clarified in *Bell Atlantic Corp. v. Twombly* that "this famous observation has earned its retirement."[10]  The quote from *Conley v. Gibson*,[11]

---

[4] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[8] *Id.*

[9] Docket No. 15, at 2.

[10] *Twombly*, 550 U.S. at 563.

[11] 355 U.S. 41, 45—46 (1957).

"described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival."[12]  Thus, the threshold requirement of Rule 8(a)(2) requires that there must be enough factual allegations to raise a right to relief above the speculative level.[13]  Mr. Dedelow must provide enough facts to "nudge [his] claims across the line from conceivable to plausible."[14]

### III.  DISCUSSION

To maintain a claim for municipal liability under § 1983, a plaintiff must show "deliberate action attributable to the municipality itself [as] the 'moving force' behind the plaintiff's deprivation of federal rights."[15]  Deliberate action by a municipality can be evidenced by "(1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged."[16]  If the plaintiff asserts the alleged custom or policy comprised a failure to train, he or she must demonstrate such failure reflects the municipality's "deliberate indifference to the rights of the plaintiff."[17]

Deliberate indifference can be shown where the municipality "has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation,

---

[12] *Twombly*, 550 U.S. at 563.

[13] *Id*. at 555.

[14] *Id*. at 570.

[15] *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 400 (1997).

[16] *Jenkins v. Wood*, 81 F.3d 988, 993 (10th Cir. 1996).

[17] *Id*. at 994.

and it consciously or deliberately chooses to disregard the risk of harm."[18]  The municipality is on notice where there is a pattern of unconstitutional behavior or if a violation of federal rights is "highly predictable" or "plainly obvious" due to the municipality's failure to train, "such as when a municipality fails to train an employee in specific skills needed to handle recurring situations, thus presenting an obvious potential for constitutional violations."[19]  An inadequate training claim under § 1983 is only available in limited circumstances and a plaintiff must demonstrate that failure to provide adequate training represents "a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury."[20]

Here, Mr. Dedelow's Complaint cannot survive a motion to dismiss because it lacks factual allegations to support a plausible claim of relief under § 1983.  Mr. Dedelow alleges that the City failed to notify the County that the citation had been resolved and that the County failed to investigate whether the citation had been resolved.  Mr. Dedelow contends that these alleged facts, "along with the reasonable inferences taken from them," show that the City and County "have a basic administrative policy to notify other interested police departments when a citation is resolved."[21]  Failure to act on that alleged policy resulted in unconstitutional arrest and confinement of Mr. Dedelow.  Further, Plaintiff alleges that "the gross and negligent character of the [Defendants'] alleged actions, along with the foreseeable consequences of that neglect

---

[18] *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998).

[19] *Id*. at 1308.

[20] *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

[21] Docket No. 15, at 3.

outlined in Complaint ¶¶ 15-26 [give] rise to an inference of an allegation of deliberate indifference."[22]

Mr. Dedelow's allegations center on the theory of inadequate training—that the municipal custom or policy itself comprised a failure to act, which was the result of a deliberate indifference to the rights of Plaintiff. However, the Complaint lacks facts supporting the allegation of deliberate indifference. Mr. Dedelow provides no factual allegations of a pattern of unconstitutional arrest and detention resulting from failure to resolve traffic citations that would put Defendants on notice. The Complaint also lacks facts supporting an allegation that Defendants failed to train their employees to follow proper procedures in recurrent situations that present an obvious potential for constitutional violations. Without more, Defendant's failure to act in this instance does not suggest a custom or policy of inadequate training as a result of deliberate indifference to the rights of Plaintiff. As the Supreme Court has stated, "adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable."[23] An allegation of failure to act is much like a naked assertion: "it gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of 'entitlement to relief.'"[24] Therefore, the Court will dismiss Plaintiff's Complaint.

---

[22] *Id*. at 4; Docket No. 20, at 4.

[23] *Canton*, 489 U.S. at 391.

[24] *Twombly*, 550 U.S. at 557.

The County requests the Court dismiss Plaintiff's claim for punitive damages, arguing that a municipality is immune from punitive damages.  The Court need not address the issue of punitive damages because the Court will dismiss the Complaint in its entirety.

### IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motions to Dismiss (Docket Nos. 9 and 19) are GRANTED.  The Clerk of the Court is directed to close this case forthwith.

DATED  November 25, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

7